UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:

**DONMAR EQUITIES LLC**   Case No. 11-04770-JKC-11
  Debtor

## REPORT OF SUBSTANTIAL CONSUMMATION AND APPLICATION FOR FINAL DECREE CLOSING CASE

DonMar Equities, LLC, as formerly debtor and Debtor-in-possession and now reorganized Debtor, by counsel, hereby submits its report of substantial consummation and application for a final decree closing this Chapter 11 case pursuant to 11 U.S.C. § 350, Federal Rule of Bankruptcy Procedure 3022 ("Rule 3022") and Southern District of Indiana Local Rule B-3022-1 ("Local Rule B-3022-1").

By way of its report of substantial consummation and in support of its application for final decree closing case, the Debtor states as follows:

1. On May 9, 2012, the Court entered its Order Confirming The Debtor's Plan Of Reorganization filed January 24, 2012 (Docket No. 51) (the "Confirmation Order") which confirmed the Debtor's Plan Of Reorganization filed January 24, 2012, (the "Plan"). The order has become final.

2. The Plan became effective as of June 8, 2012, at which time the assets of the Debtor were transferred to the Debtor as reorganized debtor.

3. The distribution date to secured and unsecured creditors under the Plan occurred on September 30, 2012 or at various other times described in the Plan. The Debtor has sent to the secured and unsecured creditors the payments called for in the Plan.

4. Under Rule 3022, the Court may enter a final decree closing a bankruptcy case after the estate is fully administered.

5. Local Rule B-3022-1(a) defines a "fully administered" case as one where: (a) the order confirming the plan has become final; (b) deposits required by the plan have been made; (c) payments under the plan have commenced; (d) all motions and matters pending before the Court have been resolved; and (e) the plan is otherwise "substantially consummated" as defined under 11 U.S.C. § 1101(2).

6. Here, the Confirmation Order became final and non-appealable on the effective date, **June 8, 2012.**

7. All assets of the Debtor as Debtor-in-possession were transferred to the Debtor as reorganized Debtor as of the effective date, June 8, 2012. No other deposits were necessary or required under the Plan due to the reorganization of the Debtor under the Plan other than payments to creditors pursuant thereto.

8 Upon information and belief, all motions and matters pending before the Court have been resolved. All fees of the United States Trustee have been paid.

9. Section 1101(2) of the United States Code defines "substantially consummation" as occurring when: (a) the transfer of all or substantially all of the property proposed by the plan has occurred; (b) the assumption of the debtor's business by the debtor or its successor (or the management of all or substantially all of the property) under the plan has occurred; and (c) distributions have commenced under the plan.

10. Based on this statutory definition, the Plan is substantially consummated because: (a) the assets and property of the Debtor as debtor-in-possession were transferred to the Debtor as reorganized Debtor on the effective date, June 8, 2012; (b) the Debtor as reorganized Debtor assumed all of the Debtor' businesses and operations as of the effective date, June 8, 2012; and (c) distributions to all classes of creditors began on or before the initial distribution dates, which was September 30, 2012.

11. As such, the Debtor respectfully submits that this chapter 11 case is fully administered pursuant to Rule 3022 and Local Rule B-3022-1(a).

12. Because this chapter 11 case is fully administered, the Debtor respectfully requests the entry of a final decree closing this chapter 11 case pursuant to 11 U.S.C. § 350.

13. Local Rule B-3022-1(c) provides that an application for a final decree may be granted if the case is fully administered, no matters remain pending, and there is a report of the total amount paid to all classes, the percentage paid to non-priority, unsecured creditors, and the total amount paid to all professionals.

14. As stated above, the Debtor's chapter 11 case is fully administered and upon information and belief no matters properly before this Court remain pending.

15. The Debtor' payments to creditors under the Plan are summarized below:

**Class One**. The claim of the Treasurer of Clinton County shall receive the following treatment under this Plan:

1. The Treasurer of Clinton County shall receive no distribution for the real estate taxes on the properties shown as no distribution properties on Exhibit A to this Plan. These properties shall be abandoned from the bankruptcy estate on the effective date of the Plan and the stay shall be lifted to permit the Treasurer of Clinton County to pursue state law

remedies for the collection of real estate taxes. After abandonment, neither the debtor nor the bankruptcy estate will have no further obligation for real estate taxes on these properties.

2. The Treasurer of Clinton County shall receive for each of the remaining properties on which real estate taxes are owed the amount of the real estate tax attributable to that property over a period of 72 calendar months, commencing on the initial distribution date.

**Class Two:** The creditors in Class Two shall receive the full value of their claim in thirty-six equal monthly installments without interest, the first installment to be made on the initial distribution date or may elect to receive 80% of its claim in cash on the initial distribution date. .

**Class Three:**

The equity owners Don H. Rapp and Marsha Rapp shall retain their ownership interest in the Debtor.

16. The Debtor respectfully submits that the information provided above satisfied the requirements of Local Rule B-3022-1(c).

17. Based on the foregoing, the Debtor respectfully requests the entry of a final decree closing this chapter 11 case.

WHEREFORE, the Debtor respectfully requests the entry of an Order pursuant to 11 U.S.C. § 350, Rule 3022 and Local Rule B-3022-1: (1) approving the Debtor's report of substantial consummation; (2) finding that the Debtor's chapter 11 case is fully administered; (3) finding that the Debtor have complied with the requirements of Local Rule B-3022-1; (4) entering a final decree closing this chapter 11 case; and (5) granting the Debtor such other and further relief as the Court deems proper.

DATED: December 6, 2012

DONMAR EQUITIES LLC, as Debtor and Debtor-in-possession, reorganized Debtor,

/s/ Alfred E McClure
Alfred E McClure
Attorney for DonMar Equities LLC
McClure & O'Farrell
200 Professional Court Ste D
Lafayette Indiana 47905
765-446-8228
amcclure@mcclureofarrell.net

## Certificate of Service

I hereby certify that service of the Report of Substantial Consummation and Application for Final Decree Closing Case was sent electronically via the Bankruptcy Clerk's ECF System, facsimile or has been made by placing a copy thereof in the untied states mail, first class, postage prepaid, this 6th day of December 2012 addressed to the following:

Clinton County Treasurer
220 Courthouse Square
Frankfort Indiana 46041-1994


US Trustee
101 W Ohio Street Ste 1000
Indianapolis Indiana 46204-1982

/s/ *Alfred E. McClure*
Alfred E McClure